Gaston, Judge,
 

 after stating the pleadings and proofs as above set forth, proceeded :—
 

 The frame of the plaintiff’s bill is so defective, as not to warrant a decree in his favour, however clear his proofs might be. He claims to credit against the bond in the hands of the defendant, a debt due from Chaffin, not to himself, individually, but to himself and Crawford jointly, —and this because' of arrangements made with Crawford by which the plaintiff is individually to have the benefit of this copartnership demand, and because he is, therefore,
 
 in
 
 equity, the assignee thereof. Now, in all such cases the assignor must be a party, because his legal interest has not been transferred, and he would not otherwise be bound by the decree. It is not, of course, however, to dismiss a bill on account of a defect of parties discovered at the hearing, but rather to let the cause stand over with liberty for the plaintiff to amend, by adding parties. But we ought not to delay the cause for this purpose; because, upon the proofs, and independently of this objection, we cannot decree for the plaintiff.
 

 The charge of notice to the defendant of an agreement between the plaintiff and Chaffin, that Chaffin’s debt to Crawford and Gaither should be applied as a payment on the bonds of the plaintiff assigned to the defendant, is most explicitly denied in the answer. The only proof to establish it, comes from one witness. We can find no corroborative circumstance attaching more credit to the evidence of the witness, and overbalancing the credit due to the defendant’s positive denial. It is
 
 possible,
 
 indeed, that the witness may have misunderstood the arrangement
 
 *509
 
 about which he has testified. It may have referred to a credit which might become due because of mistakes in the inventory and valuation of the goods sold, and not as he supposed, to a credit for Chaffin’s debt to Crawford and Gaither. But the defendant could not be mistaken. If his answer be untrue, it is wilfully untrue ; and we cannot declare it so upon the unsupported testimony of a single witness. The plaintiff, indeed, made affidavit to the truth of his bill, on his application for an injunction; but we are hearing the cause as though it had been instituted by original bill, and we are not now at liberty to consider that affidavit. If the agreement of Chaffin, and notice of it to the defendant, at the time of assignment, had been proved, there is no evidence
 
 against the defendant
 
 of the amount due from Chaffin to Crawford and Gaither. The settlement made between the plaintiff and Chaffin after the assignment of the bonds, is, as to him,
 
 res inter alios acta.
 
 It binds the parties, and those claiming under them subsequently, but it binds no others.
 

 There is an entire defect of proof that the plaintiff is the sole equitable owner of the demand of Crawford and Gaither against Chaffin. The alleged fraud in getting a judgment at law by default, is denied; and there is no proof to sustain the charge. The Court, therefore, must declare, that the allegations in the plaintiff’s bill are not proved; and the same must' be dismissed with costs.
 

 Pek CüRiam. Bill dismissed.